DAPONDE SIMPSON ROWE PC
MICHAEL J. DAPONDE (SBN 204283)
mdaponde@dsrhealthlaw.com
DARCY L. MUILENBURG (SBN 233787)
dmuilenburg@dsrhealthlaw.com
500 Capitol Mall, Suite 2260
Sacramento, California 95814
Telephone:   (916) 840-5600
Facsimile:    (916) 840-5599

Attorneys for Defendants
BLUE CROSS OF CALIFORNIA,
BLUE CROSS OF CALIFORNIA PARTNERSHIP
PLAN, INC., ANTHEM, INC., and DAVID MOSHER


BOUTIN JONES INC.
Brian M. Taylor (SBN 214838)
555 Capitol Mall, Suite 150
Sacramento, CA 95814-4603
Telephone:   (916) 321-4444
Facsimile:    (916) 441-7597
btaylor@boutinjones.com

Attorneys for Relator
RAVINDER KHAIRA, M.D.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA and STATE OF CALIFORNIA, ex rel.; RAVINDER KHAIRA, M.D., an individual,<br><br>Plaintiffs and Relator,<br><br>v.<br><br>BLUE CROSS OF CALIFORNIA, INC., et al.,<br><br>Defendants. | Case No.: 2:18-cv-02790-MCE-JDP<br><br>[PROPOSED] STIPULATED PROTECTIVE ORDER<br><br>Complaint Filed: October 18, 2018<br>First Am. Complaint Filed: April 13, 2020<br>Unsealed: January 1, 2023 |

The parties, Relator Ravinder Khaira, M.D. ("Relator") and Defendants Blue Cross of California, Blue Cross of California Partnership Plan, Inc., Elevance Health, Inc. (formerly known as Anthem, Inc.) ("Anthem"), and David Mosher (collectively, "Defendants") acknowledge that discovery and litigation in the above-captioned action (the "Litigation") will likely require the disclosure of confidential and proprietary information, as well as protected health information ("PHI") as defined in and subject to the Health Insurance Portability and Accountability Act ("HIPAA"), Title 45 Code of Federal Regulations, section 164.500 et seq.  Thus, the parties hereby stipulate to and request an order from the Court protecting PHI and other confidential and proprietary information that may be produced in discovery in the Litigation, and further protecting the third parties who could be prejudiced by the unauthorized disclosure of such information.

**THEREFORE, IT IS HEREBY STIPULATED** by and between counsel for the undersigned parties that the following Stipulated Protective Order (the "Order") shall govern the disclosure and retention of Confidential and Highly Confidential – Attorneys' Eyes Only Information, as defined herein, produced in discovery by any party or non-party during this Litigation ("Discovery Material"), subject to the Court's approval of this Order.

    **1.**    **Definitions.**  For purposes of this Order, the following definitions apply:

        a.    "Producing Party" is any party producing information in response to discovery in this Litigation, whether or not a party named in this Litigation.

        b.    "Receiving Party" is any party receiving information from a Producing Party, whether or not a party named in this Litigation.

        c.    "Confidential Information" shall mean all information in any form, including oral, written, documentary, tangible, electronic, and digital, now or hereafter in existence, that is not generally available to the public, that consists of:

        (i)    Information protected by any non-disclosure or confidentiality agreements, or provisions in other agreements pertaining to the confidentiality or non-disclosure of information;

        (ii)    Information protected by privacy rights;

(iii)    Proprietary business or financial information; and/or

(iv)    PHI, which shall have the same meaning as the term "protected health information" as defined in Title 45 of the Code of Federal Regulations section 160.103, and shall include information, whether oral or recorded in any form or medium, that:

- is created or received by a health care provider, health plan, employer, or health care clearinghouse; and

- relates to the past, present, or future physical or mental health or condition of an individual, the provision of health care to an individual, or the past, present, or future payment for the provision of health care to an individual.

d.    "Highly Confidential – Attorneys' Eyes Only Information" shall mean all information in any form, including oral, written, documentary, tangible, electronic, and digital, now or hereafter in existence, that is not generally available to the public, is the subject of efforts to maintain its secrecy, and includes (1) non-public contract rates or payments paid by or to the Producing Party, including reimbursement rates and/or payment schedules, as well as formulae, studies, reports, correspondence, contracts, or any other information relating to or concerning the calculation of rates or amount of payments paid by or to the Producing Party; (2) information that qualifies as proprietary business information and as a "trade secret" as specified in California Civil Code section 3426.1(d) and/or 18 U.S.C. section 1839; and/or (3) any other proprietary business information that derives economic value from not being generally known to the public.

**2.    Designation of Information.**  A Producing Party shall designate any Discovery Material the Producing Party believes in good faith to be Confidential Information or Highly Confidential – Attorneys' Eyes Only Information pursuant to this Order in the following manner:

a.    For written materials and documents, including written discovery responses, by stamping "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on each page containing any Confidential Information or Highly Confidential – Attorneys' Eyes Only Information, respectively, provided that any inadvertent failure to designate a document as

1  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" does not
2  constitute a waiver of confidentiality, and any document becomes subject to the protections of this
3  Order from the time it is properly designated as "CONFIDENTIAL" or "HIGHLY
4  CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to the terms of this Order;

5        b.      For deposition testimony, by (i) a statement on the record by the deponent's
6  counsel, or, if not represented by counsel, by the deponent or by the counsel for any party to this
7  Litigation, that such testimony shall be designated as "CONFIDENTIAL" or "HIGHLY
8  CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the time of or following such disclosure; or
9  (ii) written notice from the deponent's counsel, or, if not represented by counsel, by the deponent
10 or by counsel for any party to this Litigation, to all parties that such testimony shall be designated
11 as Confidential Information or Highly Confidential – Attorneys' Eyes Only Information and
12 including either a copy of the transcript pages stamped "CONFIDENTIAL" or "HIGHLY
13 CONFIDENTIAL – ATTORNEYS' EYES ONLY," as appropriate, that contain the Confidential
14 Information or Highly Confidential – Attorneys' Eyes Only Information, or a list of the transcript
15 pages and lines to be deemed confidential, provided that, until ten (10) court days after counsel
16 receives a copy of a deposition transcript, the entirety of the transcript shall be treated as
17 Confidential Information or Highly Confidential – Attorneys' Eyes Only Information, as
18 appropriate, unless the deposition transcript is received by the parties within ten (10) court days of
19 the date set for trial, in which case the deposition transcript shall be treated as Confidential
20 Information or Highly Confidential – Attorneys' Eyes Only Information, as appropriate for five
21 (5) calendar days after counsel receives a copy of a deposition transcript; where deposition
22 testimony is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'
23 EYES ONLY" by a statement on the record, arrangements shall be made with the court reporter
24 taking and transcribing such proceeding, if any, to separately bind such portions of the transcript,
25 including exhibits, containing information designated as "CONFIDENTIAL" or "HIGHLY
26 CONFIDENTIAL – ATTORNEYS' EYES ONLY," and to label such portions appropriately; and
27
28  {00208630.1}                              -4-

117520.5

      c.      For electronically stored information, by marking "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as appropriate, on the medium containing the electronically stored information.

**3.**      **Use of Designated Information.**  Confidential Information or Highly Confidential – Attorneys' Eyes Only Information shall be used solely for the purposes of this Litigation including any appellate proceedings and may not be disclosed to anyone other than as provided for herein, or used for any purpose other than for this Litigation or any appeal thereof, unless: (a) agreed to in writing by the party(ies) who made the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation, (b) as to PHI, authorized in writing by the patient, or (c) a party seeks and receives a court order permitting disclosure.

**4.**      **Disclosure of Information Designated "Confidential."**  A Receiving Party may only disclose, summarize, or otherwise communicate Discovery Material designated as "CONFIDENTIAL" in whole or in part to the following persons:

      a.      The Receiving Party's counsel, including in-house and outside counsel, and counsel's staff for use in accordance with this Order, with the specific caveat that the information may not be disclosed to any business personnel of a named party merely because an individual has a Juris Doctorate degree;

      b.      Outside experts and consultants to the extent necessary for them to formulate an opinion, to prepare to testify, or to assist counsel in Litigation, provided that they use any Confidential Information solely in connection with the Litigation; and further provided that they execute the Certification attached hereto as Exhibit A, a copy of which shall be maintained by counsel or the Receiving Party seeking to disclose such Confidential Information;

      c.      Any party currently named in the Litigation, including its respective officers, directors and management personnel, agents, and employees, but only to the extent counsel deems it reasonably necessary in the furtherance of this Litigation, all of whom shall be treated as parties for purposes of this Order;

        d.     Deposition witnesses, provided there is a reasonable basis to believe the witness will give relevant testimony regarding the Confidential Information; and further provided that before a party or its counsel shows or discloses Discovery Material designated by another party as "CONFIDENTIAL" to any deposition witness not covered by paragraphs 4(a), (b), (c), or (f), it first advises the witness that the Confidential Information is disclosed subject to this Order and may not be used otherwise and provides the witness with a copy of this Order;

        e.     Court reporters employed in connection with the Litigation and photocopy or document management services retained by counsel;

        f.     The author of any document containing Confidential Information and any persons who received and/or reviewed the document prior to its production in the Litigation;

        g.     As to PHI, the patient who is the subject matter of the PHI, the patient's counsel, and the patient's authorized representative(s);

        h.     Any private mediator used in the Litigation;

        i.     Any judge assigned to hear any issue in the Litigation, and the judge's clerks, courtroom assistants, and/or staff; and

        j.     Such other persons as hereafter may be designated by written agreement of the parties or by order of the Court.

**5.**    **Disclosure of Information Designated "Highly Confidential – Attorneys' Eyes Only."** Receiving Party may only disclose, summarize or otherwise communicate Discovery Material designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in whole or in part to the following persons:

        a.     All of the persons listed above in paragraph four, except for those individuals identified in paragraphs 4(c), (d) and (f);

        b.     Deposition witnesses, provided there is a reasonable basis to believe the witness will give relevant testimony regarding the Highly Confidential – Attorneys' Eyes Only Information; and further provided that before a party or its counsel shows or discloses Discovery Material designated by another party as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

ONLY" to any deposition witness not covered by paragraphs 4(a), (b), or (c) or paragraphs 5(b) or (c), it first advises the witness that the Highly Confidential Attorneys' Eyes Only Information is disclosed subject to this Order and may not be used otherwise and provides the witness with a copy of this Order; and

      c.    The author of any document containing Highly Confidential – Attorneys' Eyes Only Information and any persons who received and/or reviewed the document prior to its production in the Litigation.

**6.**    **Selective Designation.**  Designating Parties agree to designate for protection only those parts of material, documents, items, or oral or written communications that qualify for protection so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.  If it comes to a party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that party must promptly notify all other parties that it is withdrawing the designation.

**7.**    **Filing with the Court.**  The parties will make a Request to Seal Documents pursuant to Rule 141 of the Local Rules for the U.S. District Court for the Eastern District of California with regard to material designated Confidential or Highly Confidential – Attorneys' Eyes Only to be filed with the Court.

**8.**    **Limitations.**  Agreeing to this Order, producing or receiving Confidential Information or Highly Confidential – Attorneys' Eyes Only Information, or otherwise complying with this Order shall not:

      a.    operate as or constitute an admission by any party that any Confidential Information or Highly Confidential – Attorneys' Eyes Only Information contains or reflects trade secrets, proprietary or commercially sensitive information, or any other type of confidential matter;

      b.    operate as or constitute an admission by any party that the restrictions and processes set forth herein constitute adequate protection for any particular information deemed by a Producing Party to be Confidential Information or Highly Confidential – Attorneys' Eyes Only

Information;

    c.    operate as or constitute a waiver of any attorney-client, work product, or other privilege;

    d.    prejudice in any way the rights of the parties to object to the production of documents they consider not subject to discovery due to lack of relevance, or on the basis the information contains or reflects trade secrets, proprietary or commercially sensitive information, or any other type of confidential matter, or on any other grounds;

    e.    prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony, or other evidence subject to this Order;

    f.    prejudice in any way the rights of any party to request that particular Discovery Material or Confidential Information or Highly Confidential – Attorneys' Eyes Only Information be treated more or less restrictively than otherwise provided for herein and, absent agreement of the parties, to petition the Court for a further order relating to any Confidential Information or Highly Confidential – Attorneys' Eyes Only Information;

    g.    prejudice in any way the rights of any party to offer, discuss, or respond to questions concerning documents or any other information at any hearing in this matter, subject to appropriate means to preserve the confidentiality of Confidential Information or Highly Confidential – Attorneys' Eyes Only Information as may be determined by the Court;

    h.    prejudice in any way the rights of any party to seek a Court determination whether any materials should be subject to the terms of this Order;

    i.    prevent the parties to this Order from agreeing to alter or waive the provisions or protections provided for herein with respect to particular Discovery Material;

    j.    require the parties to treat as Confidential PHI that has been de-identified and thus is no longer protected health information pursuant to Title 45, Code of Federal Regulations section 164.514; or

    k.    insulate a Producing Party from a subsequent impeachment or perjury allegation.

**9.     Production to Non-Parties.**  If a Receiving Party is served with a subpoena, order, or other compulsory process from a non-party to this Order seeking production or other disclosure of a Producing Party's Confidential Information or Highly Confidential – Attorneys' Eyes Only Information, the Receiving Party shall give written notice (by email and U.S. mail) to the Producing Party or its counsel as soon as practicable after receipt of the subpoena, order, or other compulsory process, and before disclosing the Confidential Information or Highly Confidential – Attorneys' Eyes Only Information, except to the extent required by law.  Such notice shall transmit a copy of the subpoena, order, or other compulsory process so that the Producing Party, at its sole expense, may take such action as it deems fit to control dissemination of the Confidential Information or Highly Confidential – Attorneys' Eyes Only Information.  Provided that the Producing Party or any other interested party makes a timely objection, motion, or other application for relief from the subpoena, the Receiving Party shall not produce or disclose the Confidential Information or Highly Confidential – Attorneys' Eyes Only Information requested by the subpoena, order, or other compulsory process without consent of the Producing Party or until ordered by a court of competent jurisdiction.

**10.     No Limitation on Party's Use of Own Information.**  This Order has no effect upon, and shall not apply to, the Producing Party's use of its own Confidential Information or Highly Confidential – Attorneys' Eyes Only Information.

**11.     Copies.**  Any person who obtains access to material designated as Confidential or Highly Confidential – Attorneys' Eyes Only shall not make copies, abstracts, extracts, analyses, summaries, or other material which contain, reflect or disclose Confidential Information, except for use in this litigation, and each such copy, abstract, extract, analysis, summary or other material which contains, reflects or discloses Confidential or Highly Confidential – Attorneys' Eyes Only Information, is to be treated in accordance with the provisions of this Protective Order. In the event that copies are made in accordance with the foregoing, all such copies shall constitute, and be treated as, Confidential or Highly Confidential – Attorneys' Eyes Only documents as provided in this Protective Order. Any person making, or causing to be made, copies of any Confidential or

Highly Confidential – Attorneys' Eyes Only documents shall make certain that each copy bears the appropriate designation.

12. **Non-Party Production.**  Following any party's receipt of documents subpoenaed from a third-party (either from another party or the third-party directly), the party may designate which of those documents, if any, shall be considered Confidential Information or Highly Confidential – Attorneys' Eyes Only Information, pursuant to paragraph one of this Order.  The third-party producing such documents may also designate which of those documents, if any, shall be considered Confidential Information or Highly Confidential – Attorneys' Eyes Only Information.  All documents so designated shall be handled in accordance with this Order.

13. **Additional Parties.**  Additional parties joining or joined in the Litigation shall not have access to Confidential Information or Highly Confidential – Attorneys' Eyes Only Information until they have executed and filed with the Court their agreement to be fully bound by this Order.

14. **Inadvertent Failure to Designate Information.**  The inadvertent or mistaken disclosure or production by a Producing Party of Confidential Information or Highly Confidential – Attorneys' Eyes Only Information without designating it as such shall not constitute a waiver of any claim of confidentiality provided: (a) as soon as practicable after becoming aware of such disclosure, the Producing Party notifies the Receiving Party of the inadvertent disclosure; and (b) within fifteen (15) days of such notice, the Producing Party provides properly designated material to the Receiving Party.  During the fifteen (15) day period after the Producing Party provides notice of a disclosure or production without proper designation, the materials shall be treated as indicated in the Producing Party's notice.  Upon receipt of properly redesignated material, the Receiving Party shall destroy the non-designated or incorrectly designated materials or return them to the Producing Party.

15. **Effect of Order.**  Nothing in this Order shall be construed in any way as a finding that information designated to be Confidential Information or Highly Confidential – Attorneys' Eyes Only Information actually is appropriately designated, pursuant to paragraphs one and two of this Order.

**16.    Challenges to Designations.**  Any party to the Litigation may challenge a designation by written objection that specifies the information at issue and the grounds for objection.  This challenge may be made at any time in the Litigation and failing to do so at the time the designation was made shall not preclude a later challenge.  The parties shall meet and confer concerning any challenges to the designations of Confidential Information or Highly Confidential – Attorneys' Eyes Only Information prior to seeking Court intervention.  If the parties are unable to resolve the dispute informally after good faith efforts within a reasonable time, within twenty-one (21) days after the parties' informal attempts at resolution have concluded, the challenging party may file a motion to revise the designation.  Until the Court rules on the motion, the information at issue shall continue to be treated as Confidential Information or Highly Confidential – Attorneys' Eyes Only Information, as designated.

**17.    Use of Designated Material in Court Proceedings.**  Neither the provisions of this Order nor the lodging or filing of any material under seal shall prevent the use in open court or at any hearing in this action, of any Confidential Information or Highly Confidential – Attorneys' Eyes Only Information subject to this Order or lodged or filed under seal pursuant to its provisions, provided that the party desiring to use documents designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" gives the Court and attending parties notice prior to referencing the documents during such proceeding.  The notice shall include a list of the Discovery Material containing Confidential or Highly Confidential – Attorneys' Eyes Only Information that the Receiving Party intends to use in the proceeding, or in connection with any appeal of this action, except those documents to be used for impeachment purposes.  The notice shall be given no less than ten (10) days prior to the proposed use of the material in open court.  Nothing in this paragraph prevents the use of any documents for impeachment or rebuttal subject to the terms and conditions of this Stipulated Protective Order.  The parties shall then meet and confer regarding the procedures for use of such identified confidential materials in the proceeding and shall move the Court for entry of an appropriate order if necessary.  Any party or designating person desiring that hearings be held in camera, or that the trial or any portion of it be closed to the

public, must make a separate motion therefore.  On order of the Court pursuant to a motion, including an oral motion, by any party or designating person, any person may be excluded from a hearing, or any portion thereof, on the grounds that Confidential Information or Highly Confidential – Attorneys' Eyes Only Information may be disclosed.

**18.   Inadvertent Disclosure of Designated Information.**  Should any Confidential Information or Highly Confidential – Attorneys' Eyes Only Information be disclosed, through inadvertence or otherwise, by a Receiving Party to any person(s) not authorized under this Order, then the Receiving Party shall: (a) immediately notify the Producing Party; (b) use its best efforts to obtain the return of the Confidential Information or Highly Confidential – Attorneys' Eyes Only Information inadvertently disclosed; and (c) request such person(s) to sign the Certification attached hereto as Exhibit A.  Nothing in this paragraph is intended to limit the remedies that the Producing Party may pursue for violation of this Order.

**19.   Dispute Resolution.**  As to any disputes that arise regarding the subject of this Stipulated Protective Order during this litigation, the Court may (a) make such arrangements, modifications, and additions as it may deem appropriate upon good cause shown; and (b) adjudicate any dispute relating to the use or disclosure of Confidential – Attorneys' Eyes Only documents or confidential patient information.

**20.   Continuation of Protection After Disposition.**  Absent written permission of the Producing Party or further order of the Court, the provisions of this Order shall continue to be binding after the conclusion of the Litigation, including any appeals therefrom.  Within forty-five (45) days after receiving notice of the entry of an order, judgment, or decree finally disposing of all litigation in which Confidential Information or Highly Confidential – Attorneys' Eyes Only Information is permitted to be used, all persons having received Discovery Material designated as Confidential Information or Highly Confidential – Attorneys' Eyes Only Information shall either return such material and all copies to counsel for the Producing Party or destroy such documents.  The destruction or return shall be certified in writing by the Receiving Party and notice thereof shall be provided to the Producing Party within the forty-five (45) day time period.  Counsel for the

parties shall be entitled to retain court papers, deposition transcripts, and attorney work product containing Confidential Information or Highly Confidential – Attorneys' Eyes Only Information, provided that counsel and their employees shall not disclose such material to any person except pursuant to court order or agreement with the Producing Party.

21. **HIPAA Compliance.** Notwithstanding the terms and conditions of this Order, all persons and/or entities hereto (including parties to the Litigation as well as any executing non-party to the Litigation) shall fully comply with the provisions of HIPAA as amended, including the Standards for Privacy of Individually Identifiable Health Information (the "Privacy Rule") located at Title 45, Code of Federal Regulations Part 160 and Subparts A and E of Part 164, and California's Confidentiality of Medical Information Act located at California Civil Code sections 56 et seq. The parties agree that, once adopted, this Stipulated Protective Order will constitute a Qualified Protective Order under 45 C.F.R. § 164.512(e).

22. **Original Signatures.** Electronic signatures in this stipulation shall be accepted and treated as if they were original signatures hereon.

23. **Jurisdiction of the Court.** The Court shall retain jurisdiction, even after termination of the Litigation, to (a) make such arrangements, modifications, and additions to this Order as it may deem appropriate upon good cause shown; and (b) adjudicate any dispute relating to the use or disclosure of Confidential Information or Highly Confidential – Attorneys' Eyes Only Information.

24. **Request for Entry of Order.** The parties request that the Court enter the Order below.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

DATED: September 26, 2023                    DAPONDE SIMPSON ROWE PC

*/s/ Darcy L. Muñoz*

{00208630.1}                                            -13-

117520.5

STIPULATED PROTECTIVE ORDER

|   |   |
|---|---|
|   | By: _____<br>MICHAEL J. DAPONDE<br>DARCY L. MUILENBURG<br>Attorneys for Defendants<br>BLUE CROSS OF CALIFORNIA,<br>BLUE CROSS OF CALIFORNIA<br>PARTNERSHIP PLAN, INC.,<br>ANTHEM, INC., and DAVID MOSHER |
| DATED:  September 28, 2023 | BOUTIN JONES INC.<br><br>By: */s/ Brian Taylor*<br>BRIAN M. TAYLOR<br>Attorneys for Relator<br>RAVINDER KHAIRA, M.D. |

IT IS SO ORDERED.

Dated:   October 6, 2023        _____
                                JEREMY D. PETERSON
                                UNITED STATES MAGISTRATE JUDGE

{00208630.1}                        -14-
117520.5

**CERTIFICATION - EXHIBIT A**

I _____, of_____ have read in its entirety and understand the Stipulated Protective Order, and Order in the litigation entitled *United States of America and State of California, ex rel. Ravinder Khaira, M.D. v. Blue Cross of California, Inc., et al.* United States District Court, Eastern Division of California, Case Number 2:18-cv-02790-MCE-JDP.  I agree to comply with and to be bound by all of the terms of this Protective Order.  I promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of the Order.  I fully understand that if I violate any provision of the Protective Order, I will be subject to sanctions by the Court, in addition to any other remedies that a party may have.  If I am not a party to this dispute, I agree that the Court may enforce this Order at any time, including following the conclusion of this matter, and that an action may be brought before the United States District Court, Eastern Division of California to enforce the terms of this Protective Order, and I submit to the jurisdiction of this Court.

Dated: _____

[Print Name]

[Company]

[Address]

{00208630.1}                                       -15-

117520.5

STIPULATED PROTECTIVE ORDER